# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## Nos. 2026-1804, 2026-1805, 2026-1928

STATE OF OREGON, STATE OF ARIZONA, STATE OF CALIFORNIA, STATE OF NEW YORK, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF ILLINOIS, OFFICE OF THE GOVERNOR EX REL. ANDY BESHEAR, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF KENTUCKY, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, JOSH SHAPIRO, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WISCONSIN,

Plaintiffs-Cross-Appellants,

STATE OF WASHINGTON,

Plaintiff-Appellee,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, DEPARTMENT OF HOMELAND SECURITY, MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, UNITED STATES,

Defendants-Appellants.

--------------------------------------------------------

BURLAP AND BARREL, INC., BASIC FUN, INC.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, EXECUTIVE OFFICE OF THE PRESIDENT, UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, JAMIESON GREER, IN HIS OFFICIAL CAPACITY AS U.S. TRADE REPRESENTATIVE, OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, DEPARTMENT OF HOMELAND SECURITY, MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,

Defendants-Appellants.

Appeals from the United States Court of International Trade in Nos. 1:26-cv-01472-3JP and 1:26-cv-01606-3JP, Senior Judge Timothy C. Stanceu, Chief Judge Mark A. Barnett, Judge Claire R. Kelly.

**MOTION OF JAMES H. POOLE, PRO SE,**
**FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**
**IN SUPPORT OF DEFENDANTS-APPELLANTS**
**AND VACATUR AND REMAND**

James H. Poole, appearing pro se and solely in his individual capacity, respectfully moves under Federal Rule of Appellate Procedure 29(a)(3) for leave to file the accompanying brief as amicus curiae in support of Defendants-Appellants. The proposed brief is submitted herewith.

Movant requested the consent of all parties. Counsel for Defendants-Appellants did not respond as of July 28, 2026. Counsel for Plaintiffs-Appellees did not respond as of July 28, 2026. Because unanimous consent was not obtained, the proposed brief is submitted with this motion for leave under Federal Rule of

Appellate Procedure 29(a)(3), consistent with this Court's orders of May 20 and May 21, 2026 (ECF Nos. 21, 25).

## 1. Movant's Interest

Movant is not a party to this appeal and takes no position on the underlying dispute between the States and the United States concerning the balance-of-payments predicate of Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132.

Movant's interest is in the breadth of any opinion this Court issues. He personally participated in the administrative proceedings that produced a separate action, taken under a separate statute, that is now being litigated in the trial court below. He testified before the Section 301 Committee of the Office of the United States Trade Representative at the public hearings of April 28–29, 2026 and July 7–9, 2026, and filed written submissions appearing in the public dockets at USTR-2026-0133, USTR-2026-0134, USTR-2026-0265, and USTR-2026-0266. On July 24, 2026, appellee Burlap and Barrel, Inc. filed suit challenging that separate action in the Court of International Trade. *Burlap and Barrel, Inc. v. Greer*, Ct. No. 26-03345.

Movant is also the founder, Executive Chairman, Chief Executive Officer, and a shareholder of a HUBZone-certified domestic small manufacturer that participated in that proceeding in support of the challenged action. He does not appear for that company.

**2. Why the Brief Is Desirable**

Federal Rule of Appellate Procedure 29(a)(3)(B) directs the movant to state the relevance of the matters asserted to the disposition of the case. The proposed brief offers three things the parties are not positioned to offer.

First, the unbriefed USCIT Rule 56(f)(2) ground supplies a narrow basis for vacatur that requires this Court to resolve no question of economics. The judgment below rests on a construction of "balance-of-payments deficits" that no party advocated, adopted without the notice and opportunity to respond the rule requires. The dissent below said so expressly. The Government's brief necessarily defends its own construction; an amicus can urge the narrower, purely procedural ground.

Second, the judgment's statistical-series theory risks making an Act of Congress dependent on executive publication conventions. The construction below holds that Section 122 reaches only three measures the Bureau of Economic Analysis no longer publishes in the form the 1974 Senate Report used. Amicus is a member of the Council of Professional Associations on Federal Statistics and a user of federal statistical products, and addresses that institutional consequence as a question of statutory operability rather than of economics.

Third, the Court should expressly prevent its Section 122 reasoning from prejudging the pending Section 301 litigation. An appellee here is a plaintiff there, on a record this Court has not seen. Neither party to this appeal has an incentive to

alert the Court to that consequence, because each would prefer a holding as broad as its position permits. Relatedly, the importer appellees present themselves as small businesses; American small business is not a unitary interest, and domestic producers hold an opposed position bearing on the scope of relief.

## 3. Non-Duplication and Compliance

The proposed brief does not restate the Government's arguments. No party or party's counsel authored the brief in whole or in part, and no person other than movant contributed money intended to fund its preparation or submission. Fed. R. App. P. 29(a)(4)(E). The brief contains 6,742 words and is therefore within the length permitted by Rule 29(a)(5), and it is timely under Rule 29(a)(6), being filed within seven days after the principal brief of the party supported (ECF No. 68, filed July 21, 2026).

For these reasons, movant respectfully requests that the Court grant leave and direct the Clerk to file the accompanying proposed amicus brief as of July 28, 2026.

Dated: July 28, 2026

Respectfully submitted,

/s/ James H. Poole
JAMES H. POOLE
Movant and Proposed Amicus Curiae, Pro Se,
in His Individual Capacity

875 Helicopter Road
Thomasville, Georgia 31757

Telephone: 229-201-1673
Email: savetheamericancommunities@gmail.com

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,018 words, which does not exceed 5,200 words.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface, Times New Roman, in 14-point type.

Dated: July 28, 2026

/s/ James H. Poole
JAMES H. POOLE
Movant and Proposed Amicus Curiae, Pro Se,
in His Individual Capacity


## CERTIFICATE OF SERVICE

I certify that on July 28, 2026, I filed this motion and the accompanying proposed amicus curiae brief through the Court's CM/ECF system, which transmitted notice of the filing to all registered counsel of record.

Dated: July 28, 2026

/s/ James H. Poole
JAMES H. POOLE
Movant and Proposed Amicus Curiae, Pro Se,
in His Individual Capacity